OPINION
{¶ 1} The defendants-appellants, Memorial Hospital of Union County ("Hospital"); Laurie Whittington ("Whittington"); Jaqueline Haverkamp ("Haverkamp"); and Olas Hubbs, III ("Hubbs"), appeal the judgment of the Union County Common Pleas Court denying summary judgment on the issue of sovereign immunity.
 {¶ 2} The plaintiff-appellee, Karen Hall ("Hall"), began her employment at the Hospital in 1974. Hall was initially employed as a nurse but received several promotions, and in 1999, she was promoted to Director of Surgery. In December 2003, Hubbs was hired as the Hospital's C.E.O., though he did not begin his official tenure until March 2004. Hubbs appointed Whittington as the Hospital's C.O.O., and Haverkamp was promoted to Vice President of Nursing. Whittington and Haverkamp had been employed with the Hospital in various capacities since 1985 and 2001, respectively.
 {¶ 3} Between 2002 and 2004, the Hospital experienced an "organization-wide period of low productivity", at which time several surgeons left the Hospital to open a private surgical center. Hall contends she was diagnosed with depression in July 2003, and in August 2003, she was diagnosed with depression and anxiety. On April 21, 2004, Hall and Haverkamp met to discuss Hall's performance evaluation. Hall contends during the meeting, she experienced severe anxiety and a panic attack, which caused her to "cry uncontrollably and to experience difficulty in breathing and speaking." Haverkamp contends Hall "became hysterical and left the Hospital". Hall subsequently submitted "off work" slips from her physician and requested leave under the Family Medical Leave Act ("FMLA"). Hall exhausted her FMLA leave on July 13, 2004. At that time, Hall did not return to work, but submitted an additional "off work" slip from her physician. Hall's employment with the Hospital was terminated on July 16, 2004 by certified letter.
 {¶ 4} On September 1, 2004, Hall and her husband, Plaintiff-Appellee Steve Hall ("Steve"), filed a complaint against the Hospital, Whittington, and Haverkamp. The complaint was filed in Union County Common Pleas Court case number 2004-CV-310. The complaint alleged unjust enrichment, disability discrimination in violation of R.C. 4112.99, "wrongful discharge in violation of Ohio public policy based on retaliation for reporting an impaired physician to protect patient safety", "wrongful discharge in violation of public policy for retaliating against Plaintiff for consulting an attorney", slander per se, intentional infliction of emotional distress, and loss of consortium. The defendants filed an answer, and on March 30, 2005, the parties filed a stipulated voluntary dismissal without prejudice because they had not completed discovery before trial. Hall and Steve re-filed their complaint on June 6, 2005, which resulted in the pending matter. The complaint was filed against the same defendants, plus Hubbs, and stated the same allegations and demands for relief as had been made in the preceding case. On July 26, 2005, the defendants filed their answer. On July 27, 2005, the trial court granted the defendants' motion to incorporate the record from case number 2004-CV-310.[1]
 {¶ 5} The defendants filed their motion for summary judgment on November 1, 2005 and requested oral argument as to summary judgment. The defendants addressed each count of the complaint separately, making legal and factual arguments as to why they were entitled to summary judgment. Additionally, the defendants argued that Hubbs, Whittington, and Haverkamp were immune from liability in their personal, but not professional, capacities pursuant to R.C. 2744.03. A visiting judge was appointed on November 28, 2005, and on December 6, 2005, the trial court scheduled a hearing for December 30, 2005. Hall filed a response to the defendants' motion for summary judgment on December 19, 2005. In her memorandum, Hall argued that summary judgment was inappropriate as to each count. Hall addressed the issue of sovereign immunity, arguing that R.C. 2744.03(A)(6)(c) does not allow immunity if "[l]iability is expressly imposed upon the employee by a section of the Revised Code." Hall argued that R.C. 4112 expressly imposes civil liability, and therefore, Hubbs, Whittington, and Haverkamp were not entitled to immunity. Hall also produced evidence to demonstrate genuine issues of material fact, which would prevent the defendants from exercising their immunity under R.C. 2744.03(A)(6)(a)-(b).
 {¶ 6} On January 10, 2006, the trial court filed its judgment entry. The court granted summary judgment on the unjust enrichment claim, but denied the remainder of the motion. The trial court specifically noted, "[t]he Court denies the Defendants' summary judgment motion that Defendants Hubbs, Whittington, and Haverkamp, are entitled to sovereign immunity pursuant to O.R.C. § 2744.03." J. Entry, Jan. 10, at ¶ 3 (emphasis in original). The defendants appeal the trial court's judgment and assert the following assignment of error:
The trial court erred by not granting governmental immunity toDefendants.
 Jurisdiction {¶ 7} Appellate jurisdiction is limited to review of lower courts' final judgments. Section 3(B)(2), Article IV of the Ohio Constitution. To be a final, appealable order, a judgment entry must meet the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 88, 541 N.E.2d 64. Generally, a denial of summary judgment is not a final, appealable order. Celebrezze v.Netzley (1990), 51 Ohio St.3d 89, 90, 554 N.E.2d 1292. However, Civ.R. 54(B) provides:
[w]hen more than one claim for relief is presented in anaction * * * or when multiple parties are involved, the court mayenter final judgment as to one or more but fewer than all of theclaims or parties only upon an express determination that thereis no just reason for delay.
If a trial court does enter final judgment in part, but fails to state the Civ.R. 54(B) language, none of the orders in the judgment entry may be considered final and appealable. Civ.R. 54(B). In this case, the trial court granted summary judgment on the unjust enrichment claim, but denied summary judgment as to the remaining claims. Even if the order relating to unjust enrichment were a final order, the trial court did not include the Civ.R. 54(B) language. Therefore, we do not have jurisdiction to review the parties' arguments, or the evidence associated therewith, as they relate to the specific allegations in the complaint.
 {¶ 8} However, R.C. 2744.02(C) provides for appellate jurisdiction when an order denies sovereign immunity. R.C.2744.02(C) states, "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final appealable order." Ohio's appellate districts have reached different conclusions as to whether denials of summary judgment on the issue of sovereign immunity are final, appealable orders. Some districts have determined any denial of summary judgment is a final, appealable order, regardless of whether the denial was based on genuine issues of material fact or on legal grounds. Hubbell v. Xenia,
2nd Dist. No. 2005 CA 99, 2006-Ohio-3369. Other appellate districts, including this one, have held that denials of summary judgment based on genuine issues of material fact are not final, appealable orders; however, if a trial court denies summary judgment as a matter of law, the order is final and appealable.Thomas Vending, Inc. v. Slagle, 3rd Dist. No. 9-99-16,2000 WL 123804.
 {¶ 9} In Thomas Vending, we held that R.C. 2744.02(C) provides for interlocutory appeals when immunity is unambiguously denied as a matter of law. Id. at *2. In reaching our conclusion, we stated:
we are not yet faced with an order denying immunity. Rather,at this time, there is only a denial of a motion for summaryjudgment based on a finding that material issues of fact mustfirst be resolved to determine whether immunity is applicable.* * *
 [W]e find that the legislature's expansion of appellatejurisdiction should be narrowly construed to comport with thelanguage of the statute. Furthermore, if material issues of factremain, it is no more possible for this court to resolve theissue of immunity than it was for the trial court. Id. at *3. In this case, the trial court's denial of summary judgment was evidently based on genuine issues of material fact and matters of law.
 Standard of Review {¶ 10} Summary judgment is reviewed de novo on appeal.Lorain Nat'l Bank v. Saratoga Apts. (9th Dist. 1989),61 Ohio App.3d 127, 129, 572 N.E.2d 198. An order granting summary judgment will be affirmed only when there is no genuine issue as to any material fact, the moving party is entitled to judgment as a matter of law, and "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." Civ.R. 56(C).
 {¶ 11} "A party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,526 N.E.2d 798, syllabus. The moving party may file its motion for summary judgment "with or without supporting affidavits[.]" Civ.R. 56(A). Once the moving party demonstrates it is entitled to summary judgment, the burden shifts to the non-moving party to show why summary judgment is inappropriate. See Civ.R. 56(E). If the non-movant fails to respond, or fails to support its response with evidence of the kind required by Civ.R. 56(C), the court may enter summary judgment in favor of the moving party. Id. Otherwise, summary judgment should be granted with caution, with a court construing all evidence and deciding any doubt in favor of the non-movant. Murphy v. Reynoldsburg, 65 Ohio St.3d 356,360, 1992-Ohio-95, 604 N.E.2d 138.
 Analysis {¶ 12} The parties do not dispute that the Hospital is a "political subdivision" as defined in R.C. 2744.01(F). Employees of a political subdivision are immune from liability unless:
(a) The employee's acts or omissions were manifestly outsidethe scope of the employee's employment or officialresponsibilities.
 (b) The employee's acts or omissions were with maliciouspurpose, in bad faith, or in a wanton or reckless manner; [or]
 (c) Civil liability is expressly imposed upon theemployee by a section of the Revised Code.
R.C. 2744.03(A)(6)(a)-(c) (emphasis added).
 {¶ 13} In their motion, the defendants argued that Hubbs, Whittington, and Haverkamp were immune from personal liability. They argued Hall had failed to establish that Hubbs, Whittington, and/or Haverkamp acted outside the scope of their employment; that Hubbs, Whittington, and/or Haverkamp had demonstrated malice; and that Hubbs, Whittington, and/or Haverkamp were expressly liable under any section of the Revised Code. In response, Hall argued that Chapter 4112 of the Revised Code expressly imposes liability on employees. Hall also produced evidence to demonstrate genuine issues of material fact as to whether the individual employees acted outside the scope of their employment and whether they acted with malice, in bad faith, or in a wanton or reckless manner.
 {¶ 14} Any determination under R.C. 2744.03(A)(6)(c) is a matter of law. In this case, the trial court apparently denied summary judgment as a matter of law under R.C. 2744.03(A)(6)(c) as to Hall's claim for disability discrimination. Pursuant toThomas Vending, supra, we have jurisdiction to determine whether the trial court erred on this issue. R.C. 4112.01(A) prohibits any "employer" from discriminating based on disability. "Employer" is defined as "the state, any political subdivision of the state, any person employing four or more persons within thestate, and any person acting directly or indirectly in the interest of an employer." R.C. 4112.01(A)(2) (emphasis added). The Hospital is not a "political subdivision of the state" under R.C. 4112.01; however, it is a "person" under that definition. "Person" is defined to include "all political subdivisions".
 {¶ 15} The Ohio Supreme Court has determined that individual employees in supervisory and managerial positions are subject to liability under Chapter 4112 of the Revised Code. See Genaro v.Central Transport, Inc., 84 Ohio St.3d 293, 300, 1999-Ohio-353,703 N.E.2d 782.[2] Because the Hospital is a political subdivision and may not discriminate under R.C. 4112, neither can its employees. The facts are undisputed that Hubbs, Whittington, and Haverkamp were in supervisory or management positions. Therefore, under R.C. 2744.03(A)(6)(c), Hubbs, Whittington, and Haverkamp are not entitled to sovereign immunity as to the allegation of disability discrimination. The trial court properly denied summary judgment as to that issue.
 {¶ 16} As to sovereign immunity on the remaining claims of her complaint, Hall met her burden as the non-movant under Civ.R. 56(E). Under R.C. 2744.03(A)(6)(a)-(b), the trial court apparently determined there were genuine issues of material fact as to whether Hubbs, Haverkamp, and/or Whittington acted outside the scope of their employment or whether they acted "with malicious purpose, in bad faith, or in a wanton or reckless manner". Therefore, we do not have jurisdiction to determine whether the individual employees are entitled to sovereign immunity on the remaining claims of Hall's complaint. ThomasVending, supra.
 {¶ 17} In effect, our precedent has established a tiered manner of review for determining whether we have jurisdiction to review the orders of a trial court's judgment entry. Clearly, the trial court's summary judgment orders on the specific claims in the complaint are not final and appealable. See R.C. 2505.02; Civ.R. 54(B). As to the issue of sovereign immunity, the trial court's order must be subdivided into a denial of summary judgment based on genuine issues of material fact and a denial of summary judgment as a matter of law. The denial of summary judgment as a matter of law is final and appealable. ThomasVending, supra. For the reasons stated above, we have determined Hubbs, Whittington, and Haverkamp are not entitled to sovereign immunity on the disability discrimination claim pursuant to R.C.2744.03(A)(6)(c). The trial court apparently found genuine issues of material fact under R.C. 2744.03(A)(6)(a)-(b) as to each of the remaining claims. Therefore, that portion of the trial court's order is not a final, appealable order, and we do not have jurisdiction to review it. Id.
 {¶ 18} Additonally, on appeal, the Hospital, Hubbs, Whittington, and Haverkamp argue that the Hospital is entitled to sovereign immunity under R.C. 2744.02, and that immunity precludes Hall from recovering punitive damages. The motion for summary judgment did not address sovereign immunity as to the Hospital. Ohio law is clear that new issues or legal theories may not be raised for the first time on appeal. See Stores RealtyCo. v. Cleveland (1975), 41 Ohio St.2d 41, 43, 322 N.E.2d 629. The same rule applies to the parties' arguments concerning punitive damages and immunity. The issue was not raised in that context in the trial court, and we will not decide the issue on appeal. Also, for the first time on appeal, Hall contends that sovereign immunity is an affirmative defense that the defendants failed to properly plead. Hall argues that an affirmative defense may not be raised for the first time in a motion for summary judgment. Because this argument is not part of the trial court's record, we are unable address the issue. The sole assignment of error is overruled in part.
 {¶ 19} The judgment of the Union County Common Pleas Court is affirmed in part, and the remainder of the appeal is dismissed.
Judgment affirmed in part and appeal dismissed in part.
 Rogers and Cupp, JJ., concur.
[1] The trial court stated, "[t]he entire record filed in Case No. 2004 CV 0310 is hereby incorporated in its entirety into the present manner, Case No. 2005 CV 249 (refiled)."
[2] Although we find Chief Justice Moyer's dissent and Justice Cook's dissent more convincing, the majority's opinion has yet to be overruled or superceded, and we are therefore bound by it.