[Cite as *Hauser v. Dayton Police Dept.*, 2013-Ohio-11.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| ANITA HAUSER | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 24965 |
| v. | : | T.C. NO. 09CV5371 |
| CITY OF DAYTON POLICE DEPARTMENT | : | (Civil appeal from Common Pleas Court) |
| Defendant-Appellee | : | |
| and | | |
| MAJOR E. MITCHELL DAVIS | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____4th____ day of ____January____, 2013.

. . . . . . . . . .

JOHN J. SCACCIA, Atty. Reg. No. 0022217, 1814 East Third Street, Dayton, Ohio 45403
        Attorney for Plaintiff-Appellee

THOMAS M. GREEN, Atty. Reg. No. 0016361, 800 Performance Place, 109 N. Main Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . .

VUKOVICH, J. (by assignment)

{¶ 1}   Defendant-appellant Major E. Mitchell Davis appeals the decision of the Montgomery County Common Pleas Court which found that he was not entitled to statutory immunity on plaintiff-appellee Anita Hauser's sex discrimination claim.   The main issue on appeal is whether liability is expressly imposed by the unlawful discrimination statutes in Chapter 4112 so that the exception to political subdivision employee immunity under R.C. 2744.03(A)(6)(c) applies.

{¶ 2}   Appellant argues that the unlawful discrimination statutes do not expressly impose liability upon managerial employees of a political subdivision.   He alternatively contends that even if liability is expressly imposed upon managers and supervisors, he was not appellee's manager or supervisor because, although he was the head of her department, others directly supervised her.

{¶ 3}   For the following reasons, we conclude that the trial court correctly determined that Major Davis's immunity was lifted by R.C. 2744.03(A)(6)(c) because civil liability is expressly imposed upon managers or supervisors under R.C. 4112.01(A)(2) for their individual violations of R.C. 4112.02(A).   As for his alternative argument, merely because a plaintiff has a more direct supervisor does not mean that individuals further up the chain of command are not considered managers or supervisors.   The trial court's judgment is hereby affirmed.

STATEMENT OF THE CASE

{¶ 4}   In 2009, appellee Anita Hauser filed a complaint against the City of Dayton Police Department and appellant, a major who was the head of Ms. Hauser's detective

division in the police department. One of the claims she raised was sex discrimination in violation of Chapter 4112, which defines various unlawful discriminatory practices. The defendants filed a motion for summary judgment on multiple grounds, raising immunity only for Major Davis.

{¶ 5} Major Davis urged that he had statutory immunity as an employee of a political subdivision. He relied upon the Eighth District's *Campolieti* case, which held that a fire chief cannot be held individually liable for an employee's discrimination claim because the discrimination statute speaks in terms of "employers" and thus liability was not expressly imposed upon the fire chief in order to invoke the RC. 2744.03(A)(6)(c) exception to the immunity statute. *See Campolieti v. Cleveland*, 184 Ohio App.3d 419, 2009-Ohio-5224, 921 N.E.2d 286, ¶ 33 (8th Dist.).

{¶ 6} Ms. Hauser responded that the exception to political subdivision employee immunity in R.C. 2744.03(A)(6)(c) applies here because liability is expressly imposed under Chapter 4112, the employment discrimination statutes. Ms. Hauser pointed out that the Supreme Court has held that a supervisor or manager is individually liable for their own acts of employment discrimination under the definitions within Chapter 4112. *See Genaro v. Central Transport, Inc.*, 84 Ohio St.3d 293, 296-297, 300, 703 N.E.2d 782 (1999). She concluded that the *Campolieti* holding was incorrect because it failed to cite the Supreme Court's *Genaro* case and failed to recognize that the statutory definition of an employer contained in Chapter 4112 includes any person acting directly or indirectly in the interest of the employer. Ms. Hauser cited cases from other courts which held that R.C. 2744.03(A)(6)(c) withdrew immunity from employees of a political subdivision facing

claims for Chapter 4112 violations.

**{¶ 7}** Ms. Hauser alternatively argued that conduct arising from employment with a political subdivision is excluded from immunity by R.C. 2744.09. In his reply, Major Davis alternatively claimed that, even if the *Campolieti* case was incorrect, he was immune because he was not Ms. Hauser's manager or supervisor.

**{¶ 8}** On December 7, 2011, the trial court granted summary judgment in part and denied summary judgment in part. In pertinent part, the court found that Ms. Hauser's sex discrimination claims remained for trial. In doing so, the trial court denied the immunity defense set forth by Major Davis and found that there existed a genuine issue of material fact as to whether he was her manager or supervisor.

**{¶ 9}** On December 27, 2011, Ms. Hauser and the defendants entered a stipulated entry of voluntary dismissal without prejudice under Civ.R. 41(A)(1)(b). That same day, Major Davis filed a timely notice of appeal from the court's denial of immunity, which remained a final order. *See* R.C. 2744.02(C) ("An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order.").[1]

---

[1]A voluntary dismissal of all defendants renders an interlocutory summary judgment decision a nullity with no res judicata effect. *Fairchilds v. Miami Valley Hosp., Inc.*, 160 Ohio App.3d 363, 2005-Ohio-1712, 827 N.E.2d 381, ¶ 37-39 (2d Dist.) (where summary judgment for some defendants had no Civ.R. 54(B) language, it remained interlocutory and thus was dissolved by voluntary dismissal). However, if that decision was a final order, such as one containing Civ.R. 54(B) language, then the order was not an interlocutory one subject to nullification by a voluntary dismissal. *See id.* at ¶ 39, distinguishing *Denlinger v. Columbus*, 10th Dist. Franklin No. 00AP-315, 2000 WL 1803923 (Dec. 7, 2000) (voluntary dismissal has no effect on claims already subject to final adjudication).

ASSIGNMENT OF ERROR

{¶ 10}    Appellant's sole assignment of error provides:

The trial court erred in denying Major Davis the benefit of immunity under

R.C. 2744.03(A)(6).

{¶ 11}    We begin by disposing of a brief alternative argument set forth in Ms. Hauser's response brief.[2]  Ms. Hauser seems to suggest that Major Davis lacks immunity due to R.C. 2744.09(B).  This statute provides that the immunity provisions in Chapter 2744 do not apply to civil actions by an employee (or the collective bargaining representative of an employee) against his political subdivision relative to any matter that arises out of the employment relationship between the employee and the political subdivision.  R.C. 2744.09(B).  *See also* R.C. 2744.09(C) (Chapter 2744 does not apply to civil actions by an employee of a political subdivision against the political subdivision relative to conditions or terms of   employment).

{¶ 12}    This argument is unfounded.  Even the case she mentions under this argument holds that R.C. 2744.09(B) does not apply to the portion of the suit naming employees as defendants.  *See Sampson v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 93441, 2010-Ohio-1214, ¶ 34 (R.C. 2744.09(B) does not apply to bar the individual defendants from asserting immunity as its express language applies only to political subdivisions).  *See also Sampson v. Cuyahoga Metro. Hous. Auth.*, 188 Ohio

---

Here, as the order denying Major Davis immunity was final when made, it is not nullified by the voluntary dismissal and it will have res judicata effect in the refiled action; thus, it is subject to appeal at this time.   *See id.*

[2]Contrary to the contention in Major Davis's reply brief, Ms. Hauser did

App.3d 250, 2010-Ohio-3415, 935 N.E.2d 98, ¶ 40 (8th Dist.) (a majority of judges reiterated this point on rehearing en banc).

{¶ 13}    Notably, division (A) of R.C. 2744.09 includes employees in the removal of immunity.  *See* R.C. 2744.09(A) (providing that Chapter 2744 does not apply to civil actions that seek to recover damages from a political subdivision *or any of its employees* for contractual liability).  However, the plain language of R.C. 2744.09(B) deals only with an action filed by the employee against the political subdivision.  It does not remove immunity in an action filed by the employee against someone other than the political subdivision, such as Major Davis.  *See* R.C. 2744.01(B), (F) (political subdivision and employee are not interchangeable in this chapter).  Hence, Ms. Hauser's alternative argument is without merit.  We now turn to the main issue on appeal.

{¶ 14}    In a civil action against an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the employee is immune from liability unless one of the following applies: (a) the employee's acts or omissions were manifestly outside the scope of employment or official responsibilities; (b) the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or (c) civil liability is expressly imposed upon the employee by a section of the Revised Code.  R.C. 2744.03(A)(6)(a)-(c).

{¶ 15}    From these three sections, it is only subdivision (c) that Ms. Hauser claims is applicable as an exception to Major Davis's statutory immunity.  After setting forth an

raise this argument in her response to summary judgment as well.

exception to immunity when civil liability is expressly imposed by statute, subdivision (c) explains:

> Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term "shall" in a provision pertaining to an employee.

R.C. 2744.02(A)(6)(c).

{¶ 16} Ms. Davis argues that civil liability is expressly imposed by Chapter 4112, the collection of statutes dealing with unlawful employment discrimination. Specifically, it shall be an unlawful discriminatory practice *for any employer*, because of the sex of any person, to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment. R.C. 4112.02(A). As used in Chapter 4112, an "employer" is defined as including the state, *a political subdivision*, any person employing four or more persons within the state, *and any person acting directly or indirectly in the interest of an employer*. R.C. 4112.01(A)(2). *See also* R.C. 4112.01(A)(1) (definition of "person" includes political subdivisions, agents, or employee).

{¶ 17} "Whoever violates this chapter is subject to a civil action for damages, injunctive relief, or any other appropriate relief." R.C. 4112.99. This clearly and unambiguously creates an independent civil action to remedy all forms of discrimination

prohibited by Chapter 4112. *Elek v. Huntington Natl. Bank*, 60 Ohio St.3d 135, 136-137, 573 N.E.2d 1056 (1991). *See also Campbell v. Burton*, 92 Ohio St.3d 336, 341, 750 N.E.2d 539 (2001) (list of those who must report abuse, which includes employees of a political subdivision, combined with statement in R.C. 2151.99 that "Whoever violates" the failure to report statute is guilty of a crime, is sufficient to break employee immunity as it expressly imposes liability).

{¶ 18} In *Genaro*, a federal district court asked the Ohio Supreme Court to answer the certified question of whether a supervisor/manager may be held jointly and/or severally liable with his employer for his conduct in violation of Chapter 4112. *Genaro*, 84 Ohio St.3d at 295, 703 N.E.2d 782. The Supreme Court noted that it would not follow federal cases interpreting the federal discrimination statutes because the definition of "employer" in federal discrimination statutes was not as broad as the definition in the Ohio discrimination statutes. *Id.* at 298-299. That is, the federal definition includes "a person engaged in an industry affecting commerce who has fifteen or more employees * * * and any agent of such a person," *id*. at 299, whereas Ohio's language broadly stated, "any person acting directly or indirectly in the interest of an employer," *id.* at 298-299. The Supreme Court concluded by answering the certified question affirmatively, holding that individual managers and supervisors are liable for their own discriminatory conduct in the workplace. *Id.* at 300.

{¶ 19} Major Davis notes that immunity was not at issue in *Genaro* as the discussion involved the liability of managers and supervisors of a private company under the discrimination statute and thus the court did not specifically answer the question of whether civil liability is "expressly imposed" upon a political subdivision employee by Chapter 4112

as required by R.C. 2744.03(A)(6)(c). However, the Court did say that the language defining an employer in R.C. 4112.01(A)(2) was clear and unambiguous. *Id.* at 300. And, aforementioned, an employer who is liable for discrimination includes a political subdivision *and* any person acting directly or indirectly in the interest of an employer. R.C. 4112.01(A)(2).

{¶ 20}    Major Davis relies on the Eighth District's *Campolieti* case, which held that a fire chief cannot be held individually liable for an employee's discrimination claim because the discrimination statute speaks in terms of "employers" and thus liability is not expressly imposed upon the fire chief in order to invoke an exception to the immunity statute. *See Campolieti*, 184 Ohio App.3d 419, 2009-Ohio-5224, 921 N.E.2d 286, at ¶ 33. However, *Campolieti* failed to cite or analyze the effect of the Supreme Court's 1999 holding in *Genaro* that managers and supervisors are liable individually for their acts of workplace discrimination. *Campolieti* also failed to recognize that the statutory definition of an employer contained in Chapter 4112 included any person acting directly or indirectly in the interest of the employer or explain why that did not encompass the fire chief. *See id.* Rather, that court seemed to merely use the everyday definition of employer as the entity itself without realizing that there existed a special statutory definition of employer applicable to Chapter 4112.

{¶ 21}    To the contrary, the Seventh District has held that a person in a supervisory position at a political subdivision was not immune from liability in a discrimination action, finding that liability was expressly imposed under Chapter 4112 by focusing on the definition of employer in R.C. 4112.01(A)(2) and the Supreme Court's cited *Genaro*

holding. *State ex rel. Conroy v. William*, 185 Ohio App.3d 69, 2009-Ohio-6040, 923 N.E.2d 191, ¶ 30 (7th Dist.). The *Conroy* court thus concluded that the mayor's statutory immunity was lifted under R.C. 2744.03(A)(6)(c) as civil liability was expressly imposed for discrimination in hiring under R.C. 4122.02(A)(2), the same section utilized herein. *Id.*

{¶ 22} Similarly, the Third District has held that three defendants who occupied managerial or supervisory positions in a hospital, which was a political subdivision, were not entitled to statutory immunity as liability was expressly imposed for disability discrimination under Chapter 4112. *Hall v. Memorial Hosp. of Union City*, 3d Dist. Union No. 14-06-03, 2006-Ohio-4552, ¶ 15. That court relied on *Genaro* and the statutory definition of employer in R.C. 4112.01(A)(2) and concluded that supervisors and managers at a political subdivision can be held liable for violating Chapter 4112. *Id.* at ¶ 14-15.

{¶ 23} The Eleventh District has utilized similar reasoning in holding that an employee of a political subdivision can be liable if she engages in an unlawful discriminatory practice while performing the function of an employment agency. *Albert v. Trumbull Cty. Bd. of MRDD*, 11th Dist. Trumbull No. 98-T-0095, 1999 WL 957066 (Sep. 30, 1999) (but then finding that the functions of the entity did not fit the definition of an employment agency).

{¶ 24} Ms. Hauser cites a case from this court, apparently to show the factual background as no issue was raised concerning immunity or liability of supervisors of a political subdivision under Chapter 4112 and thus the court did not issue a ruling on said topics. *See Mitchell v. Lemmie*, 2d Dist. Montgomery No. 21511, 2007-Ohio-5757, ¶ 52, 102 (race and gender discrimination claim under R.C. 4112.02 filed by employee of political

subdivision against city and city manager who refused to promote plaintiff). Ms. Hauser also points out that the Southern District of Ohio reviewed these decisions and concluded that cases such as the Seventh District's *Conroy* case "are the best evidence of how the Ohio Supreme Court would rule regarding the immunity of employees of political subdivisions under § 2744.03(A)(6)(c) for claims brought under § 4112.02." *Satterfield v. Karnes*, 736 F.Supp.2d 1138, 1154 (S.D.Ohio 2010) (concluding that sheriff was not entitled to immunity in his individual capacity on employee's R.C. 4112.02(A) claim).

{¶ 25} We agree that civil liability is expressly imposed upon managers and supervisors of a political subdivision under Chapter 4112. This conclusion is supported by the above case law and the following litany of law. It is unlawful discrimination for an employer to discriminate against an employee due to their sex, and whoever commits unlawful discrimination is clearly subject to a civil suit for damages. R.C. 4112.02(A); R.C. 4112.99; *Elek*, 60 Ohio St.3d at 136-137, 573 N.E.2d 1056. Chapter 4112 specifically includes a political subdivision in the statutory definition of an employer. R.C. 4112.01(A)(2). Certain employees of such an employer are also included in the statutory definition of an employer, and the Supreme Court has stated that this statutory definition clearly allows managers and supervisors of an employer to be held individually liable. R.C. 4112.01(A)(2); *Genaro*, 84 Ohio St.3d at 295, 703 N.E.2d 782. Accordingly, a manager or supervisor of a political subdivision is expressly subject to civil liability for his individual act of discrimination against an employee and thus is not immune from suit for such acts.

{¶ 26} Major Davis suggests that even if we adopt this position, he is not liable as he should not be considered a manager or supervisor of Ms. Hauser because he was merely

the head of her department and another person working under him was her direct supervisor. However, merely because a person has a more direct supervisor does not mean that another individual further up the chain of command cannot also be considered a manager or supervisor of a certain employee. *See Hall*, 3d Dist. Union No. 14-06-03, 2006-Ohio-4552 (suing hospital's chief operating officer and the vice president of nursing along with the political subdivision hospital). That is, each manager/supervisor is liable for his own individual acts of discrimination. *See Genaro* at 293 (allowing plaintiff to sue corporate employer and various supervisory employees). It is not as if Major Davis is Ms. Hauser's non-supervisory co-employee. *Compare Samadder v. DMF of Ohio, Inc.*, 154 Ohio App.3d 770, 2003-Ohio-5340, 798 N.E.2d 1141, ¶ 31 (10th Dist.); *Hoon v. Superior Tool Co.*, 8th Dist. Cuyahoga No. 79821, 2002 WL 93422 (Jan. 24, 2002).

**{¶ 27}** Rather, he is the top individual in Ms. Hauser's department and her third level of report. (Hauser Depo. at 4). Her position is under his command. (Davis Depo. I at 8). He signed her request to attend a dog training program and handed in the request on her behalf. (Davis Depo. I at 40-41). Major Davis is the individual who denied her request to participate in a certain training program, which decision she claims was a result of discrimination. (Davis Depo. II at 24). Ms. Hauser received an order from Major Davis demanding she pay back money received for her travel expenses incurred in three months of out-of-town training because she did not maintain receipts (even though no other officer had ever been asked to keep receipts). (Hauser Depo. at 53-54; Davis Depo. I at 65, 104). She met with him multiple times to discuss the issue, and he sent word through her direct supervisor for her to produce receipts. (Davis Depo. I at 46, 56-58). His signature is on

documents involved in initiating disciplinary charges against her alleging that she violated his order; although he states his name was placed on some documents even though he did not initiate them, such is not an immunity issue. (Davis Depo I at 93, 104-111; Davis Depo. II at 40-41, 47). He also ordered her to produce a report of all of her activity in 2009. (Hauser Depo. at 155). There is sufficient evidence that he could be considered a supervisor of Ms. Hauser, and thus, he could be held liable *if* he is factually found to have committed acts of discrimination.

{¶ 28} For the foregoing reasons, we conclude that the trial court correctly determined that Major Davis's immunity was lifted by R.C. 2744.03(A)(6)(c) because civil liability is expressly imposed upon managers or supervisors, such as Major Davis, under R.C. 4112.01(A)(2) for their individual violations of R.C. 4112.02(A). In accordance, the trial court's judgment is hereby affirmed.

. . . . . . . . . .

DONOVAN, J., concurs.

HALL, J., dissenting:

{¶ 29} Because I believe there is no statute that "expressly imposes" individual liability on a manager or supervisor of a political subdivision for a claim of discrimination, the individual employee is statutorily immune from suit and the claimant's action may be pursued only against the employer.

{¶ 30} This state has long had a codified policy that individual employees of a political subdivision are immune from suit except in a few specific instances. Statutory immunity was instituted in response to the Ohio Supreme Court's abrogation of judicially

created municipal sovereign immunity in *Haverlack v. Portage Homes, Inc*., 2 Ohio St.3d 26, 442 N.E.2d 749 (1982), holding in paragraph two of the syllabus: "The defense of sovereign immunity is not available, in the absence of a statute providing immunity, to a municipal corporation * * *." The legislature soon enacted the immunity statute in 1985, generally defining when political subdivisions are immune from suit. From the beginning, public employees, as individuals, were granted greater immunity protection. Although a political subdivision, as an entity, could be liable where immunity did not extend, the individual employee was shielded by the terms of R.C. 2744.03(A)(6). The individual could be individually liable only if (1) he acted outside the scope of employment, (2) he acted maliciously, in bad faith or recklessly, or (3) liability was "expressly imposed" by the Revised Code. The last phrase is the crux of this matter.

{¶ 31} The long-standing policy of shielding individual public employees from liability, as opposed to liability of the political subdivision which remains liable for acts of its employees, should not be diminished by a statute that does not "expressly impose" civil liability on the individual. R.C. 4112.02(A) does not expressly impose liability on the individual. That statute states: "It shall be an unlawful discriminatory practice: (A) For any *employer* * * *" to discriminate against a protected class in employment. It is only through the 4-3 Ohio Supreme Court's decision in *Genaro v. Cent. Transp., Inc.*, 84 Ohio St.3d 293, 298, 703 N.E.2d 782 (1999) that the term "employer" in R.C. 4112.01(A)(2) was interpreted to include supervisors or managers. That subdivision of the statute states: "'Employer' includes the state, any political subdivision of the state, any person employing four or more persons within the state, and any person acting directly or indirectly in the interest of an

employer." If it took a divided Supreme Court to interpret "any person acting directly or indirectly in the interest of an employer" to include managers and supervisors as persons subject to liability for discrimination in the private sector,  I fail to see how that interpretation means the statute "expressly imposed" liability on individual employees of a municipal corporation, especially when the "political subdivision," as an entity, is specifically subject to liability.

{¶ 32}   If the legislature intended that one statute, R.C. 4112.02, "expressly imposed" liability that would circumvent another statute, R.C. 2744.03(A)(6), it could have said so expressly. It did not. It is not our province to amend the General Assembly's legislation. I dissent.

. . . . . . . . . .

(Hon. Joseph J. Vukovich, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

John J. Scaccia
Thomas M. Green
Hon. Mary L. Wiseman