CHALON G. CLOUD

*v.*

KATE GREASLEY et al.

*Filed at Mt. Vernon June 16, 1888.*

1. SPECIFIC PERFORMANCE—*as to land out of the State.* Where the court has acquired jurisdiction of the person of the defendant, it may compel him to specifically perform his contract for the conveyance of land, although the land may lie in another State. The decree in such case will operate upon the person of the defendant.

2. STATUTE OF FRAUDS —*verbal agreement to convey land.* An oral agreement for the conveyance of land can not be enforced, either at law or in equity, when the objection that it is not in writing is made. The entire

contract must be in writing, to satisfy the statute. It will not suffice that the greater part of it is in writing.

3. A complainant wrote the defendant a proposition to furnish the materials and carpenter work for a house, for a conveyance of a tract of land by defendant. The latter replied, in writing, stating he could not accept the offer, but saying, if the former would do certain other things in addition to his offer, he would convey the land. Instead of accepting this offer in writing, complainant made a different offer, proposing to furnish, in addition, two thousand brick for the flues, and this last proposition was verbally accepted by the defendant: *Held*, that all that preceded the last offer, and its acceptance, were mere matters of treaty, and that the agreement to convey the land was within the Statute of Frauds.

4. SAME—*performance to take case out of the statute.* The mere doing of some work and furnishing some building material by the complainant for the defendant, pursuant to a verbal contract for the conveyance of land by the defendant, and the taking of possession of vacant land, without being put in possession by the defendant, is not a sufficient part performance to take the case out of the Statute of Frauds.

5. SAME—*how availed of.* Where it appears upon the face of a bill for specific performance that the agreement to convey is oral, the Statute of Frauds may be taken advantage of by demurrer to the bill.

APPEAL from the Circuit Court of Hamilton county; the Hon. CARROLL C. BOGGS, Judge, presiding.

Mr. WILLIAM HAMILL, for the appellant:

A demurrer is an allegation of a defendant, which admits the matter of fact alleged by the bill to be true. Story's Eq. Pl. sec. 446.

A demurrer admits to be true all the facts that are well pleaded. *Newell* v. *Bureau County,* 37 Ill. 256; *Harris* v. *Cornell,* 80 id. 62.

The first ground of demurrer is not tenable. Having jurisdiction of the defendants, the court can compel them to make the deed for land in another State. 2 Parsons on Contracts, 377; 2 Story's Eq. Jur. sec. 743.

If the Statute of Frauds is relied on, it must be pleaded. *Switzer* v. *Skiles,* 3 Gilm. 534.

While it may be true that the defendants may avail themselves of the benefit of the Statute of Frauds, by demurrer as

well as by plea or answer, yet we insist that whichever mode is adopted, it must distinctly and specifically appear, by the pleading, that the defendants desire to avail themselves of the benefit of the statute, in the usual explicit manner of pleading it. It is said in *School Trustees* v. *Wright et al.* 12 Ill. 441, that "it is a familiar principle of equity that a defendant can not avail himself of the benefit of the Statute of Frauds or of Limitations, unless he specifically relies thereon by answer, plea or demurrer. If he fails thus to claim the protection of the statute, he is to be understood as waiving it."

A court of chancery will enforce the specific performance of a parol contract for the conveyance of land, notwithstanding the Statute of Frauds, where the contract has been in part performed, such as the payment of the purchase money and taking of possession. *Ramsey* v. *Liston*, 25 Ill. 114; *Blunt* v. *Tomlin*, 27 id. 93; *Keys* v. *Test*, 33 id. 318; *Mason* v. *Bair*, id. 194.

Mr. JOHN C. EDWARDS, and Mr. LEONIDAS WALKER, for the appellees:

In the case of *Temple* v. *Johnson*, 71 Ill. 13, the court, in passing upon this statute, holds that the payment of the purchase money will not take a case out of the Statute of Frauds, and in so doing, uses this language: "Whilst the decisions of the various courts are not entirely uniform, the general rule seems to be, as stated by Story in his work on Equity Jurisprudence, (sec. 761,) that the general ground on which to execute parol contracts for part performance, as the governing rule, is, 'that nothing is to be considered as a part performance which does not put the party into a situation which is a fraud upon him unless the agreement is fully performed;' and he says, that although formerly a payment of the purchase money was considered a sufficient part performance to take the case out of the statute, the rule is now otherwise settled. And in this he is fully sustained by the adjudged cases, both in the British and American courts."

As sustaining the same view of this court, the attention of the court is respectfully called to the following cases : *Tanner* v. *Volentine*, 75 Ill. 624 ; *Farwell* v. *Lowther*, 18 id. 252 ; *Wood* v. *Davis*, 82 id. 311 ; *Holmes* v. *Holmes*, 44 id. 168 ; *Wood* v. *Thornly*, 58 id. 464 ; *Pickerell* v. *Morss*, 97 id. 220 ; *Cronk* v. *Trumble*, 66 id. 428 ; *Langston* v. *Bates*, 84 id. 524 ; *Padfield* v. *Padfield*, 92 id. 198 ; *Worth* v. *Worth*, 84 id. 442.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is a bill for the specific performance of a contract to convey real estate lying wholly within the State of Arkansas. It is alleged in the bill, after stating the ownership of the real estate by Kate Greasley, one of the defendants, that on the 15th of March, 1887, she proposed to the complainant to convey the same to him, in consideration that he should "furnish the material and carpenter work to build a frame house for the said Kate, on," (describing the lot,) "in the town of McLeansboro ;" that complainant took the proposition under advisement, and afterwards wrote and delivered the following :

"McLEANSBORO, ILL., *April 12, 1887.*

"*Mrs. Greasley*—I will furnish the oak lumber for sills, upper and lower joists, studding and rafters, (all the framing lumber,) and employ a carpenter to do all the carpenter work in a good, workmanlike manner, for a house as specified in your diagram, for a warranty deed to the land you have in Arkansas,—you to furnish abstract showing a clear title to the land.

"Respectfully,       C. G. CLOUD."

That afterwards, Kate Greasley wrote the following in reply :

"McLEANSBORO, ILL., *April 16, 1887.*

"*Mr. C. G. Cloud*—I find, on inquiring, that I can purchase all the hard and soft lumber and doors for the house planned, at from $250 to $260. I can not accept the offer you made, but if you can furnish all the hard and soft lumber and the doors, I shall be ready to make the deed, etc., to you.

"Respectfully,     MRS. CATHERINE GREASLEY."

And on the same day complainant wrote and delivered the following, in reply to that:

"McLEANSBORO, ILL., *April 16, 1887.*

"*Mrs. Greasley*—For the soft lumber and doors I would have to pay the cash. The carpenter work I can have done, paying with a claim due me. The carpenter says he will charge me $80 to $85 for doing the work. I will furnish the oak lumber for sills, upper and lower joists, studding and rafters, (all the framing lumber,) and employ a carpenter to do all the carpenter work in a good, workmanlike manner, for a house as specified in your diagram, and furnish you two thousand brick for the flues, for a warranty deed to land you have in Arkansas,—you to furnish abstract showing a clear title to land. I seldom make more than one offer, but I have been at some trouble and expense in finding condition of the land, and will give you the brick more than I first thought I would.

"Respectfully,      •      C. G. CLOUD."

That on the next following buiness day,—Monday, the 18th day of April, 1887,—the said Kate Greasley called at the place of business of complainant, and accepted the proposition as last above stated, and then and there contracted and agreed, verbally, as she had theretofore, in her said writing dated April 16, 1887, agreed, to convey the real estate before described, to complainant. It is then further alleged that complainant proceeded to deliver on the lot of Kate Greasley, before described, all the hard lumber and material specified in said proposition, as aforesaid, for the building of said house specified in said written proposition of Kate Greasley; that on May 1, 1887, Thomas Greasley gave directions about making changes in the length of part of the timbers to be used in said house, and the size of the rooms thereof, and he directed a change in the cornice of the house; that at the request of said Kate, and Thomas Greasley, her husband, complainant delivered the two thousand brick mentioned in the contract,—

the said Thomas going with the complainant to the brick kiln, and making his own selection of said brick; that complainant, at different dates named, informed Kate Greasley that he was ready to proceed with the carpenter work, but she postponed the beginning of the work until the 23d day of July, 1887, when she informed complainant that she considered the contract broken; that complainant has, in every particular, complied with said contract and agreement; that at the date of the agreement between complainant and Kate Greasley, the land in Arkansas, which she was to convey, was vacant and unoccupied, and in the month of July, 1887, complainant, through an agent, took possession, and that he has since been in possession; that he has requested Kate and Thomas Greasley to convey the land to him, but they refuse to do so; that Kate Greasley is insolvent, and not worth above $400 in personal property, nor above $1000 in real estate, and that he knows of no property belonging to Thomas Greasley except his household goods. The prayer is, that Kate and Thomas Greasley be enjoined from conveying to other parties the land in Arkansas, and that they be decreed to convey the same to complainant, and for general relief.

The defendants demurred to the bill, and for cause of demurrer alleged, "first, that said bill seeks to enforce a specific performance of a contract in regard to the sale and conveyance of real estate situated in the State of Arkansas;—this therefore is a local action, and should be brought where the real estate is situated; second, that this is a suit upon an oral contract, and seeks to enforce such contract, the same being a contract in regard to the sale and conveyance of real estate." The court sustained the demurrer and dismissed the bill, and this appeal is prosecuted to reverse that decree.

The first ground of demurrer is clearly not well taken. There being personal jurisdiction of the defendants, the decree acts directly upon the persons, and the defendants could, therefore, if the case were in other respects made out, be compelled

by decree to execute and deliver a conveyance of the Arkansas land. *Baker* v. *Rockabrand*, 118 Ill. 365; *Cooley, impleaded,* v. *Scarlett*, 38 id. 316; *Penn* v. *Lord Baltimore*, 1 Ves. Sr. 444; *Massie* v. *Watt*, 6 Cranch, 148; *Brown* v. *Desmond*, 100 Mass. 267.

The second ground of demurrer is, however, in our opinion, well taken, and justifies the decree rendered by the court. An oral agreement for the conveyance of real estate can not be enforced either at law or in equity, where the objection that it is oral and not in writing is urged. The entire contract must be in writing, to satisfy the statute. It will not be sufficient that the greater part of the contract is in writing. It must all be in writing. *Farwell* v. *Lowther*, 18 Ill. 252; *Seymour* v. *Belding*, 83 id. 222; *Weaver* v. *Fries*, 85 id. 356; *Frazer* v. *Howe et al.* 106 id. 574. There was here no contract until the acceptance of complainant's offer of April 16, 1887. All that preceded that was mere treaty. The bill alleges that the contract and agreement then made to convey were made verbally, though it was to convey as the defendant had theretofore, in writing, agreed to convey, etc. Without that verbal agreement there is no contract to convey, to be enforced. The rule is, where it appears upon the face of the bill that the agreement to convey is oral, it may be taken advantage of by demurrer to the bill. *Walker* v. *Locke*, 5 Cush. 90; *Slack* v. *Black*, 109 Mass. 496; *Ahrend* v. *Odiorne*, 118 id. 268; *Farnham* v. *Clements*, 51 Maine, 426; *Randall* v. *Howard*, 2 Black, (U. S.) 585. And, in principle, to like effect is *Walker* v. *Ray*, 111 Ill. 315.

The allegation of the bill shows that complainant was not put in possession of the land, but that, being vacant and unoccupied, his agent entered into possession. The mere doing of some work and furnishing some building material, by the complainant for the defendant, pursuant to the contract, is not sufficient part performance to take the case out of the Statute of Frauds. *Cronk et al.* v. *Trumble*, 66 Ill. 428; *Pad-*

*field* v. *Padfield,* 92 id. 198; *Langston* v. *Bates et al.* 84 id. 524; *Pickerell* v. *Morss et al.* 97 id. 220; Fry on Specific Performance, sec. 390.

The decree is affirmed.

*Decree affirmed.*