Day, J.
 

 This is an action in equity to set aside a deed, upon the ground of partial failure of consideration. Plaintiff below, Alice Bieghler, on October 23, 1922, deeded to Catherine Baxter Miller, her mother, certain real estate in Cleveland; and in return said Catherine Baxter Miller deeded to Alice Bieghler a one-eighth interest in certain property in
 
 *229
 
 Texas. Catherine Baxter Miller died June 2, 1925, and on December 15,1926, this action was begun.
 

 No fraud, deceit, duress, or unfair dealing is averred, but the plaintiff claims that at the time of the conveyance both parties to the deed were mistaken as to the title to certain real estate in Texas, which real estate was almost the entire consideration for the deed which plaintiff seeks to set aside.
 

 At the close of the statement of the case by counsel for plaintiff, in the trial court, the defendants below made a motion for judgment for the defendants upon the pleading and on the statement of the ease, which motion was overruled by the trial court. The case proceeded to trial, and the record discloses that:
 
 ‘
 
 ‘ The court finds that the failure of the plaintiff to tender back all the consideration received by her for her transfer violates one of the ruling maxims of equity, ‘he who seeks equity must do equity.’ The action, in effect, is one to rescind a fully executed contract. To obtain the equitable relief of recission [rescission] of a contract it is necessary that the plaintiff place the defendant
 
 in statu quo.
 
 The failure to do this renders equitable relief impossible.”
 

 The Court of Appeals reversed on the weight of the evidence, but found no other errors in the record. The question comes before this court upon the sufficiency of the petition, and is presented as upon a demurrer, necessarily permitting consideration within a very narrow compass.
 

 First. As to the question of the jurisdiction of the court of common pleas to pass upon the question of the laws of the state of Texas as to the devolution of the title to the Texas real estate, we are of opinion
 
 *230
 
 that in an equitable action for cancellation of a deed for property in the state of Ohio, brought in the Ohio courts, between parties resident of the state, with all parties before the court, there was jurisdiction for the purpose of giving the equitable relief sought to determine the state of the title of the Texas property, because no relief could be granted on the merits in the suit in equity then pending before the Ohio court unless this question was determined.
 

 The plaintiff seeks no relief against the Texas land such as-an order requiring its conveyance, nor any foreclosure of lien or claim thereon. It is the Ohio property about which she is concerned. She wants it back, because she claims she received no title to the land in Texas, which formed the consideration for her deed of the Ohio property. No order affecting the Texas property is necessary, and it is only involved to the extent that the court may determine whether the plaintiff’s grantee had title to it or not. As above stated, that fact must be determined in order to decide the question of the cancellation of the deed for the Ohio property.
 

 The right of a court of equity to make an order affecting the land outside the state is recognized by text-writers and adjudicated cases, and some of them go much further than the instant case requires, for the reason that decrees have been upheld ordering the conveyance of property outside the state.
 

 The principle was recognized in
 
 Paul
 
 v.
 
 Chenault,
 
 (Tex. Civ. App.), 59 S. W., 579, where it is said in the syllabus: “A Texas court has jurisdiction of a suit to rescind a sale of land therein, which plaintiff by fraud was induced to convey to defendant, without consideration, though the purported considera
 
 *231
 
 tion was land in another state to which defendant had no title, or which did not in fact exist; plaintiff tendering reconveyance of the latter land. ’ ’ 1 "Wharton on Conflict of Laws (3d Ed.), 648; Goodrich on Conflict of Laws, 151, 152; both text-writers announcing the same principle as to this jurisdiction, citing Marshall, C. J., in
 
 Massie
 
 v.
 
 Watts,
 
 10 U. S. (6 Cranch), 148, 160, 3 L. Ed., 181, as follows: “In a case of fraud, of trust, or of contract, the jurisdiction of a court of chancery is sustainable wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree.” See, also,
 
 Noble
 
 v.
 
 Grandin,
 
 125 Mich., 383, 84 N. W., 465;
 
 Gardner
 
 v.
 
 Ogden,
 
 22 N. Y., 327, 78 Am. Dec., 192;
 
 Cloud
 
 v.
 
 Greasley,
 
 125 Ill., 313, 17 N. E., 826.
 

 Other cases might be cited to sustain the principle that the common pleas court had the right to determine the question between the parties before it in the cancellation suit, even though it involved a consideration of the Texas statutes of descent and distribution and a determination of what their effect was upon the title to the Texas land.
 

 Second. Another point argued by counsel is as to whether or not the mistake complained of was one of fact or law. We are of opinion that the mistake complained of, relating to the existence of title to real estate in plaintiff’s grantor, was dependent upon the laws of descent of the state of Texas, being the laws of a foreign state, provable as any other fact in the case, and amounted to a mistake of fact for which in a proper case equity might grant relief.
 

 In
 
 Osincup
 
 v.
 
 Henthorn,
 
 89 Kan., 58, 130 P., 652, 46 L. R. A. (N. S.), 174, Ann. Cas., 1914C, 1262, it
 
 *232
 
 was held that: ‘ ‘ The mistake of the wife and mother of a decedent in regard to the law of descents and distributions of a state other than that of their residence, which led to the apportionment and transfer of land owned by the decedent at the time of his death to the mother, when, under the statute, the widow was entitled to all of it, is a mistake of fact against which equity will relieve unless some principle of equity bars the granting of such relief.”
 

 In
 
 Haven
 
 v.
 
 Foster,
 
 26 Mass. (9 Pick.), 112, 19 Am. Dec., 353, heirs of a decedent living in Massachusetts sold land in New York which they had inherited from him, and received the purchase money in shares, which would have been correct under the law of Massachusetts but was not correct under the law of New York, owing to a mistake of the parties. It was held that the law of New York was a fact, and equity would afford relief between the parties.
 

 In
 
 Morgan
 
 v.
 
 Bell,
 
 3 Wash., 554, 28 P., 925, 16 L. R. A., 614, it was held that a mistake as to the extent of his right, under the community law, to property which a man contracts to convey, is not a mistake of law from which equity will refuse to grant relief, at least if the mistake was as to the laws of a state other than that of the contractor’s domicile.
 

 In Tennessee it was held: “A mistake as to the laws of a foreign state is a mistake of fact, and not of law, against which equity will relieve.”
 
 Walker
 
 v.
 
 Walker,
 
 138 Tenn., 679, 200 S. W., 825.
 

 The remaining question is whether this petition is demurrable for failure to plead a reconveyance of the Texas property, or tender a reconveyance of the title thereto, or make an offer to do so, or to tender
 
 *233
 
 back the property received under the conveyance from Catherine Baxter Miller.
 

 The general rule is that
 
 “a
 
 party seeking to rescind a contract or other instrument, on the ground of mistake or fraud, or because of non-performance of conditions, or for any other cause, must first place the other
 
 in statu quo,
 
 lay returning all money, property, or other benefits received by him under the contract which is sought to be rescinded, or by making a tender thereof to the other party.” 6 Ohio Jurisprudence, page 551, Section 35. Of course, there are exceptions to this rule, but to bring a case within such exceptions, there should be averments of facts sufficient to show that the general rule does not apply. It is not enough to simply plead that plaintiff’s grantor was mistaken as to her title, and to plead the statutes of descent and distribution relating thereto. Over four years elapsed from the date of conveyance before plaintiff filed this suit to rescind. The date of discovery of the alleged mistake is not averred. It does not appear whether or not plaintiff was in possession under her deed, nor whether reasonable diligence might not have discovered the mistake complained of. No facts are averred why plaintiff should or could not tender a reconveyance of this property; thus removing the cloud from the title of the same.
 

 In nearly all jurisdictions a bill is demurrable in which complainant does not offer to return any consideration which it shows that he has received, or otherwise place defendant
 
 in statu quo
 
 or sufficiently excuse himself from that duty. 9 Corpus Juris, page 1241, and eases cited.
 

 As far as the averments of the petition go, plain
 
 *234
 
 tiff has not offered to restore to those claiming under her grantor the consideration with which her grantor then parted. It would be inequitable to grant to plaintiff that which she now claims and at the same time leave her in possession of that which she received. She has not offered to do equity. That she has so done should affirmatively appear in her petition, and it is necessary- to the assertion of her rights in a court of equity:
 

 Finding that plaintiff has failed to bring herself within the exception to the rule as to tender back, the demurrer should be sustained upon that ground, and the case is remanded to the court of common pleas for further proceedings according to law.
 

 Demurrer sustained and cause remanded. ■
 

 Jones, Allen and Kinkade, JJ., concur.