[Cite as *Yoskey v. Eric Petroleum Corp.*, 2014-Ohio-3790.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DAVID YOSKEY, | ) | |
| | ) | CASE NO.    13 CO 42 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| ERIC PETROLEUM CORP., et al., | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |


CHARACTER OF PROCEEDINGS:       Civil Appeal from Common Pleas Court,
                                Case No. 12CV808.


JUDGMENT:                       Reversed and Remanded.


APPEARANCES:
For Plaintiff-Appellant:         Attorney Michael Rossi
                                 151 East Market Street
                                 Warren, Ohio  44482


For Defendants-Appellees:        Attorney Thomas Hill
                                 6075 Silica Road, Suite A
                                 Austintown, Ohio  44515-1053

                                 Attorney Timothy McGranor
                                 5 East Gay Street
                                 P.O. Box 1008
                                 Columbus, Ohio  43216-1008


JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                                 Dated:  August 29, 2014

VUKOVICH, J.

**{¶1}** Plaintiff-appellant David Yoskey appeals the decision of the Columbiana County Common Pleas Court which granted summary judgment in favor of Eric Petroleum Corporation and Chesapeake Energy Corporation, et al. First, appellant contends that the court erred in holding that he failed to meet a tender back rule which the court said required that any money paid under the lease be actually returned in order to seek to rescind or otherwise set aside the lease due to fraudulent inducement. This assignment of error has merit as any tender back rule for rescinding a contract only requires an *offer* to return money paid under the contract. The trial court's tender back ruling is reversed, and the case is remanded for further proceedings.

**{¶2}** Appellant's second argument is that the trial court erred in ordering the leases tolled. Regardless of whether tolling of the lease term was proper here, the trial court's decision was expressly based in part on the fact that the court was granting summary judgment for the defendants on the plaintiff's complaint. As that decision is reversed under the first assignment of error as to the claims based upon fraudulent inducement, the tolling decision no longer stands.

STATEMENT OF THE CASE

**{¶3}** On August 18, 2009, plaintiff executed an oil and gas lease with Eric Petroleum Corporation (EPC) over his 73 acres of property in Columbiana County. The lease provided for $5 per acre as an annual delay rental with a primary term of five years. In 2010, EPC assigned the deep well rights to a Chesapeake entity and maintained the shallow well rights.

**{¶4}** On December 21, 2012, plaintiff filed suit against EPC and Chesapeake, et al. The plaintiff stated that he contemplated leasing with Chesapeake but EPC's landman talked him out of it by making misrepresentations. The complaint provided these examples of alleged misrepresentations: only EPC had the "two rigs" technology and capacity for deep-well drilling in Ohio, plaintiff's property was at the "very forefront" of EPC's immediate plans for deep-well drilling and production in the vicinity; plaintiff should not be surprised to have a deep well on

his property within six months with free gas for his home; and nodding when plaintiff characterized the latter statement as a guarantee.

{¶5} The first three claims in the complaint were labeled fraud in the inducement-rescission, fraud in the inducement-damages, and fraud in the inducement-declaratory judgment. Plaintiff added quiet title as his fourth claim via an amended complaint,. Claims for unconscionability and declaratory judgment on assignability were withdrawn.

{¶6} The defendants counterclaimed seeking to extend the primary term of the lease due to the lawsuit preventing them from exercising their rights under the lease. Depositions were taken. The defendants filed summary judgment motions arguing that there was no genuine issue of material fact as to fraudulent misrepresentations and that all four claims were based upon these allegations, and equitable tolling of the lease was sought.

{¶7} As the defendants insisted that plaintiff was required to elect between damages and rescission at that time, plaintiff elected to proceed on rescission and thus withdrew his second fraud in the inducement claim for damages. (See Plaintiff's Memo Contra Summary Judgment at 1). The defendants then decided to contend that rescission was improper because there was no tender back of the delay rentals of $360 per year paid since 2009.

{¶8} Due to the election of the rescission claim and defendants' argument on tender back, plaintiff attached an affidavit to his response to summary judgment voicing that he was ready, willing, and able to return the consideration paid. Notably, summary judgment evidence showed that plaintiff returned the May 2012 check and was rejecting the 2013 check by refusing the certified mail delivery.

{¶9} On October 16, 2013, the trial court granted summary judgment for the defendants on plaintiff's three remaining claims (fraudulent inducement-rescission, fraudulent inducement-declaratory judgment, and quiet title) and granted their request to toll the lease. The court noted that fraud in the inducement renders an agreement voidable (as opposed to fraud in the factum which renders an agreement void and which need not be accompanied by tender back). The court stated that

appellant's requests for rescission and declaratory judgment were based upon the claim of fraudulent inducement (which is not disputed).

**{¶10}** The court concluded that a plaintiff must tender back the consideration as a condition precedent to seeking to set aside the agreement based upon fraudulent inducement, citing the Supreme Court's *Haller* and *Barry* cases. The trial court disagreed with the plaintiff's contention that the tender back rule is more symbolic than physical. The court held that the applicable tender back rule imposes an actual condition precedent of repayment and it was thus insufficient to merely voice that one is ready, willing, and able to return the consideration paid. As plaintiff did not return the consideration paid under the agreement, the court granted summary judgment on the fraudulent inducement claim.

**{¶11}** The court then granted summary judgment on the quiet title claim as the complaint simply alleged as to this claim that the defendants' interests were adverse to Yoskey's interests. The court noted the difference between an encumbrance on the title (a valid interest in land) and a cloud upon a title (which is an interest that appears valid but is in fact invalid) and stated that the plaintiff failed to show the lease was an *invalid* cloud on the title.

**{¶12}** Finally, the court granted the defendants' request for equitable tolling of the primary term of the lease equivalent to the time required to adjudicate the case, including the date a final judgment is entered after all appeals are exhausted. The trial court stated that when a lessor actively asserts to a lessee that his lease is subject to cancellation, the obligations of the lessee are suspended during the time such claims are being asserted. The trial court noted that tolling was not to punish the plaintiff for asserting a claim but to restore the parties to their originally occupied positions, finding that the lawsuit created a cloud on the lease rights and diminished the time period of development available under the lease. In making its tolling decision, the court explained that it balanced the equities, including the fact the claims were not validated (due to the entry of summary judgment).

**{¶13}** Plaintiff-appellant David Yoskey filed a timely notice of appeal. He asserts two assignments of error.

## ASSIGNMENT OF ERROR NUMBER ONE

{¶14} The first assignment of error provides:

{¶15} "The trial court erred in entering summary judgment in Defendants' favor on the Amended Complaint's 'fraud in the inducement' claims."

{¶16} Appellant argues that the trial court should not have granted summary judgment on his claim of fraudulent inducement (for which he sought the remedy of rescission with a "parasitic" request for declaratory judgment in order to set aside the lease). Appellant urges that we apply the Ohio Supreme Court's 1891 holding in *Saxton v. Seiberling*, stating that a tender of a specific amount is not required before commencing an action to set aside a conveyance and all that is required is the plaintiff offer in his petition to pay into court the sum ordered by the court as a condition to granting relief. Appellant concludes that his complaint asking for rescission and return to the status quo combined with the statement in his affidavit in response to summary judgment, that he was ready, willing, and able to return to the defendants any funds he had received under the lease, was sufficient. Appellant urges that cases dealing with release of a tort claim are not on point.

{¶17} The defendants respond that *Saxton* is old and has been overruled by the newer cases such as *Berry* and *Haller*. They also contend that there is no reason to distinguish between the tort settlement release in *Haller* and this case, citing *Picklesimer* for the proposition that a release is no different than any other contract which requires tender back where rescission is sought and *Cross* and *Miller* for the proposition that the tender back rule been applied outside of the release context.

{¶18} There is a long line of cases holding that an action for fraud in the inducement of a settlement of a tort or other claim[1] "is prohibited unless the plaintiff tenders back the consideration received and rescinds the lease." *Berry v. Javitch, Block, & Rathbone*, 127 Ohio St.3d 480, 940 N.E.2d 1265, 2010-Ohio-5772, ¶ 21.

---

[1] We note that the rule is not limited only to the settlement of *tort* claims. *See, e.g., Haller v. Borror Corp.*, 50 Ohio St.3d 10, 14, 552 N.E.2d 207 (1990) (release of action for breach of employment contract); *Block v. Block*, 165 Ohio St. 365, 135 N.E.2d 857 (1956) (decree for alimony which incorporated separation agreement); *Manhattan Life Ins. Co. v. Burke*, 69 Ohio St. 294, 70 N.E. 74 (1903) (compromise of life insurance claim).

Where a release of a claim is obtained by fraud in the inducement, it is voidable, and "a subsequent action cannot be maintained by the claimant without returning or tendering the consideration he received." *Id.* at ¶ 23, 27; *Picklesimer v. Baltimore & O.R. Co.,* 151 Ohio St. 1, 4, 84 N.E.2d 214 (1949) ("in order to enable the releasor to repudiate the release and to prosecute his original cause of action, he must return or tender the consideration received by him"); *Haller*, 50 Ohio St.3d at 14 ("A release of liability procured through fraud in the inducement is voidable only, and can be contested only after a return or tender of consideration;" "in order to subject it to attack the releasor must first tender back the consideration paid.").[2]

{¶19} *Picklesimer* concluded, "Inasmuch as the plaintiff's amended petition contains no allegation that he returned or tendered the money he received from the defendant in consideration for the release, the trial court properly sustained the demurrer." *Picklesimer*, 151 Ohio St. at 7-8. These cases are based on two principles: the law favors compromise and one should not be permitted to retain the benefit of the compromise while attacking its validity. *Haller*, 50 Ohio St.3d at 14. *See also Picklesimer*, 151 Ohio St. 1 (as the releasor cannot enforce the settlement while at the same time seeking more than the release permitted, the releasor must "tender back the consideration paid before attacking the agreement.").

{¶20} Attacking a release of a claim in order to sue on that claim can be seen as distinguishable from attacking a contract. That is, asking for rescission of the contract here is the goal, whereas recovery on a released claim is the goal in the former cases, with rescission of the release being a prerequisite to such recovery.

{¶21} Yet, as the defendants point out, *Picklesimer* stated that a release is a contract and there is no more reason why the releasor should be excused from returning or tendering the consideration received than in other cases where rescission is sought. *Picklesimer*, 151 Ohio St. at 7. We turn to rescission of contracts in general and provide a brief history.

---

[2] Whereas, release of liability obtained by fraud in the factum (where party did not know he was signing release) is void ab initio and tender back is not required. Parties agree case involves voidable fraudulent inducement rather than void fraud in the factum.

**{¶22}** In 1846, the Ohio Supreme Court stated that "[n]o principle is better settled than that a party who would rescind an agreement must place his adversary in statu quo." *Taft v. Wildman*, 15 Ohio 123, 128 (1846). The Court continued: "If he have received anything of value, he must offer to restore it or he will not be permitted, by rescinding his agreement, to recover for what he has advanced by reason thereof." *Id.*

**{¶23}** In 1891, the Court held: "Before a conveyance can be set aside, the purchaser must be restored to his former condition; but it is not essential that there should be a tender of any specific amount before the commencement of the action." *Saxton v. Seiberling*, 48 Ohio St. 554, 29 N.E. 179 (1891) syllabus at ¶ 3. "All that is required is that the plaintiff should offer in his petition to pay into court, for the use of the defendant, such sum as may be ordered as a condition to granting the relief." *Id.* The Court concluded that a tender before suit is unnecessary and that one cannot seek dismissal of the complaint where a plaintiff offers in the complaint to return the money paid for a conveyance sought to be set aside on the ground of fraud. *Id.* at 561.

**{¶24}** In 1931, the Ohio Supreme Court stated the general rule is that one seeking to rescind a contract for any reason must first place the other in "statu quo", by returning all benefits received by him under the contract sought to be rescinded or by making a tender thereof to the other party. *Miller v. Bieghler*, 123 Ohio St. 227, 233, 174 N.E. 774 (1931). The court stated that "[i]n nearly all jurisdictions a bill is demurrable in which complainant does not offer to return any consideration which it shows that he has received, or otherwise place defendant in statu quo or sufficiently excuse himself from that duty." *Id.* at 233. Since that plaintiff did in the complaint offer to restore to the consideration with which her grantor parted, the complaint was found subject to demurrer. *Id.* at 234. ("It would be inequitable to grant to plaintiff that which she now claims and at the same time leave her in possession of that which she received. She has not offered to do equity. That she has so done should affirmatively appear in her petition, and it is necessary to the assertion of her rights in a court of equity.")

**{¶25}** In 1954, the Court stated: "Where a contract has been procured by fraudulent representations of a party thereto, the party defrauded, after offering to return what he has received under the contract, may elect to have the contract set aside and be restored to his original position." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954) syllabus at ¶ 1 (or may sue for damages caused). The Court noted that the plaintiff offered to reassign the leasehold interest prior to filing suit and the complaint prayed that they be restored to their original position. *Id.* at 475. The Court then cited *Picklesimer* for the proposition that where a defrauded party rescinds a contract and offers to restore what he has received under the contract, he may recover any consideration paid. *Id.*

**{¶26}** Appellate cases have concluded that a complaint seeking rescission of a contract must contain some statement offering to return the status quo. *Bell v. Turner*, 4th Dist. Nos. 12CA14, 12CA15, 2013-Ohio-1323, ¶ 25 (complaint must contain averment of return or offer to return); *Ady v. Miller Day Iseli Energy Co.*, 7th Dist. No. 624 (May 28, 1987) (pleading must offer to restore possession or offer to place in status quo). *See also Herzig v. Hunkin Conkey Constr. Co.*, 101 N.E.2d 255, 256-257 (8th Dist.1941) (petition should allege the plaintiff "put, offered or were ready to put" the defendant in status quo).

**{¶27}** Notably, besides seeking rescission and declaratory judgment to invalidate the lease based upon fraudulent inducement, the complaint here alternatively sought damages for such fraudulent inducement claim. The defendant thereafter insisted the plaintiff choose a remedy, and after plaintiff chose to proceed on rescission rather than damages, this claim of lacking tender for rescission was made at the summary judgment stage. Plaintiff responded with an affidavit that he was ready, willing, and able to restore any funds paid to him under the lease. Those funds were a mere $360 per year in delay rentals paid beginning in 2009 lease but rejected in 2012 and 2013.

**{¶28}** EPC's motion for summary judgment on this topic alleged that there was no offer to return because the plaintiff's separation agreement with his ex-wife called for splitting the May 2012 delay rental payment. As aforementioned, plaintiff

testified that they did not end up cashing that check, and the exhibit provided at deposition showed that he wrote void on it. Chesapeake's motion for summary judgment on this topic seemed to suggest that the consideration must actually be returned before proceeding with a rescission request. The trial court ruled likewise.

**{¶29}** However, an actual return of the approximately $1,000 was not required before bringing the action. Tender, in this context, refers to an offer, not a completed transaction. The case law speaks of return or offer to return. *Cross*, 161 Ohio St. at 475 (plaintiff offered to reassign their leasehold interest prior to filing suit; complaint prayed that they be restored to their original position); *Miller*, 123 Ohio St. at 233-234 (complainant must offer to tender or to return any consideration); *Columbus & T.R. Co. v. Steinfeld*, 42 Ohio St. 449, (1884) (in order to rescind contract, must pay back or offer to return money received under contract). *See also Berry*, 127 Ohio St.3d 480; *Haller*, 50 Ohio St.3d at 14; *Picklesimer*, 151 Ohio St. at 4 (all speaking of return *or tender*, in the alternative, not as synonyms).

**{¶30}** Here, the complaint alleged fraud in the inducement regarding an oil and gas lease and asked for rescission (and an ancillary declaration to this effect). In seeking a judgment for rescission of the lease, the complaint specifically sought an enabling order expressly asking *to return the status quo ante.* This is an offer to return to the parties to the pre-contractual status quo, which would necessarily include returning the delay rental payments received. And after the election of remedies, an affidavit was provided reiterating that plaintiff was ready, willing, and able to return the minimal funds and testimony that he did physically reject the last two annual payments.

**{¶31}** We conclude that there was a sufficient offer to return the money received under the contract, especially considering the liberal pleading requirements of today's Civil Rules. The entry of summary judgment on the fraudulent inducement claims (seeking rescission and declaratory judgment) is reversed, and this case is remanded for further proceedings.

<u>EPC'S ALTERNATIVE ARGUMENTS TO AFFIRMING</u>

**{¶32}** EPC sets forth two alternative arguments as to why we should affirm the grant of summary judgment in its favor even if we reverse summary judgment under appellant's first assignment of error. Notably, Chesapeake does not join in these alternative arguments for affirming.

**{¶33}** First, EPC states that the trial court's summary judgment can be affirmed because the complaint for rescission fails to show that there is a lack of an adequate remedy at law and thus failed to state a claim. The fraudulent inducement claim seeking rescission states, "Unless and until the lease is rescinded, the plaintiff will have suffered irreparable harm for which he has no adequate remedy at law." EPC argues that the complaint must explain why there is no adequate remedy at law. *As they admit, they did not raise this argument below.*

**{¶34}** Moreover, EPC provides no support for a requirement to explain the lack of an adequate remedy at law when seeking rescission of a contract based upon fraud in the inducement. The case law cited above contains no such requirement, and EPC does not explain how this argument would coincide with the case law allowing the plaintiff to elect between damages or rescission for fraudulent inducement. *See, e.g., Cross*, 161 Ohio St. at 475 ("Where a contract has been procured by fraud, the party defrauded may elect to have the contract set aside and be restored to his original position, or he may sue for damages caused by the fraud of the guilty party.").

**{¶35}** In any event, as this matter was not raised to or ruled upon by the trial court, we shall not delve into the topic. *See, e.g., Bowen v. Kil-Kare, Inc.*, 63 Ohio St.3d 84, 94, 585 N.E.2d 384 (1992) (not raised in summary judgment, not necessary to address); *Conny Farms, Ltd. v. Ball Resources Inc.*, 7th Dist. No. 12CO18, 2013-Ohio-2874, ¶ 25; *State ex rel. Conroy v. Williams*, 185 Ohio App.3d 69, 923 N.E.2d 191, 2009-Ohio-6040 (7th Dist.) (de novo review does not give parties a second chance to raise arguments that they should have raised below).

**{¶36}** EPC's other argument for upholding the grant of summary judgment against appellant is that the decision of fraudulent inducement is moot because the plaintiff set forth no appellate argument regarding the trial court's decision on the

quiet title claim. EPC focuses on the court's statement that the plaintiff "has provided this Court with no evidentiary basis to find that the Lease is an invalid cloud upon title" and the court's statement that "the Lease is a valid encumbrance." EPC then restates arguments from its summary judgment motion as to why summary judgment should have been granted on the fraudulent inducement allegations (besides the tender back argument).

{¶37} However, there is no indication that the trial court was ruling on the fraudulent inducement claim in granting judgment on quiet title. The court did not rule that the plaintiff failed to meet the summary judgment burden in showing an issue as to the elements for fraudulent inducement. The court ruled against plaintiff's fraudulent inducement claim solely due to the perceived tender back issue.

{¶38} As to the quiet title claim, the court explained that a said action deals with a cloud on the title rather than a mere encumbrance on the title. The court stated: "The fourth claim of the amended complaint (quiet title) simply claims the interest of EPC and Chesapeake and their assignees are adverse to the Yoskey." Notably, the quiet title claim did not mention fraudulent inducement or refer to the paragraphs detailing the fraudulent inducement claim. (Compare Claims 1-3, which all reassert fraudulent inducement and refer to ¶1-6 of the first claim, with Claim 4, which merely states defendants claim interests adverse to plaintiff and then refers to only to ¶1-2 rather than ¶1-6.) The court was disposing of the quiet title claim because the complaint claim failed to allege anything but an encumbrance.

{¶39} In addition, since the lease was not rescinded for fraudulent inducement due to the claimed lack of tender back, the lease was not a cloud on the title (even if the quiet title portion of the complaint had been sufficient). That is, the court avoided any analysis of the elements of fraudulent inducement by applying the tender back rule and then could dispose of quiet title as a further domino effect of that holding. Since the court's judgment on quiet title was not an alternative basis to support the entire summary judgment decision, appellant did not moot his appeal of the summary judgment decision by failing to appeal matters never reached by the trial court.

**{¶40}** As the trial court did not rule on the merits of the fraudulent inducement allegations, EPC's alternative argument on the elements of fraudulent inducement shall not be considered. *See, e.g., Bowen,* 63 Ohio St.3d at 89 (where the trial court declined to address an issue due to another ruling, the Court held that the question which had not been addressed was not properly before the appellate court); *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360, 604 N.E.2d 138 (1992) (de novo review still entails a *review* of what the trial court decided; trial court initial determination cannot be replaced by appellate court's de novo review; remand to trial court); *Tree of Life Church v. Agnew*, 7th DIst. No. 12BE42, 2014-Ohio-878, ¶ 27; *Teeter v. Teeter*, 7th Dist. No. 13CA887, 2014-Ohio-1471, ¶ 38 (trial court found a summary judgment motion issue moot, this court remanded for trial court to address in the first instance after reversing other summary judgment). *See also Mills-Jennings, Inc. v. Dept. of Liquor Control* (1982), 70 Ohio St.2d 95, 99, 435 N.E.2d 407 (where trial court legal ruling made further decisions on other issues unnecessary, reviewing court, upon reversing that initial legal ruling, need not decide other issues).

**{¶41}** In other words, if a party raises ten arguments in a summary judgment motion, the trial court adopts the first one, and the appellant assigns that position as error, the appellee cannot require this court to address the nine other arguments by arguing that the judgment can be affirmed on other grounds that the trial court never reached. *See id. See also Scalia v. Aldi, Inc.*, 9th Dist. No. 25436, 2011-Ohio-6596, ¶ 15; *Orvets v. Natl. City Bank, Northeast*, 131 Ohio App.3d 180, 194, 722 N.E.2d 114 (9th Dist.1999). For these reasons, EPC's alternative arguments are overruled.

ASSIGNMENT OF ERROR NUMBER TWO

**{¶42}** Appellant's second assignment of error provides:

**{¶43}** "The trial court erred in entering summary judgment in Defendants' favor on their 'equitable tolling' counterclaims."

**{¶44}** After granting summary judgment to the defendants on appellant's remaining claims, the trial court found it reasonable and equitable to order the lease tolled from the date the plaintiff filed suit on December 21, 2012 through the date of the trial court's judgment and the date any appeal is concluded. In making its

decision, the trial court reviewed various cases. For instance, the court noted that the Monroe County Common Pleas Court found that tolling the term of a lease was equitable where the plaintiff unsuccessfully argued the lease was invalid due to issues with the notarization. *See Three Waters, LLC v. Northwood Energy Corp.*, Monroe C.P. 2012-042 (J.E. June 12, 2012) (finding lease valid). That court stated, "each day the lawsuit pends decreases the period of time the Lessee has paid and bargained for in which to choose to drill." *Id. See also HGN Fossil Fuels Co. v. Roach*, 103 N.M. 793, 715 P.2d 66 (1986) (finding that equitable tolling of the lease was a matter of common sense).

**{¶45}** The trial court here also reviewed the federal *Jicarilla* case where the trial court found a "technical" violation of a notice provision, ordered an adjusted bonus instead of cancelling the leases, and tolled the lease term. In that case, the plaintiff argued on appeal that the trial court erred in tolling the leases to extend beyond their maximum term, which was set by a statute, but the Circuit Court concluded that by seeking judicial cancellation of the lease, the plaintiff placed a cloud on the title of the leaseholds and discouraged companies from proceeding to fully develop. *Jicarilla Apache Tribe v. Andrus*, 687 F.2d 1324 (10th Cir.1982). It was concluded that, in fairness, the running of the leases could be tolled based upon equity regardless of the statutory maximum lease term. *Id.*

**{¶46}** The plaintiff in *Jicarilla* also argued that tolling was improper as their allegations were not "wrongful;" however, the Circuit Court explained that tolling was not to punish the plaintiff for suing but to restore the parties to the position they previously occupied. *Id.,* citing 2 E. Kuntz, Oil and Gas at 326-27 and H. Williams and C. Meyers, Oil and Gas Law § 604.7, p. 82 (1980). The general rule was said to be: "When a lessor actively asserts to a lessee that his lease is terminated or subject to cancellation, the obligations of the lessee to lessor are suspended during the time such claims of forfeiture are being asserted." *Id.*, citing *Morrison Oil and Gas Co. v. Burger*, 423 F.2d 1178, 1182-83 (5th Cir.1970) and 2 E. Kuntz, Oil and Gas 324-26 (1964).

**{¶47}** Appellant Yoskey argues that the mere filing of a suit to rescind an oil and gas lease should not be considered sufficient evidence to toll the term of the lease. He posits that without the imposition of a restraining order or other injunctive relief pending the lawsuit, there was nothing preventing the companies from developing the leasehold. He also asserts that the defendants provided no summary judgment evidence on this topic besides the pleadings.

**{¶48}** The defendants respond that the complaint, answers, and counterclaims are proper considerations in determining their tolling claim. *See* Civ.R. 56(C) (listing the pleadings as a type of summary judgment evidence). They note that Civ.R. 56(A) provides that the movant can seek summary judgment, with or without supporting affidavits. As the plaintiff acknowledges the equitable nature of his claim, they add that a court asked to act in equity can fashion any remedy appropriate to do justice in the particular case. *See Allason v. Gailey*, 189 Ohio App.3d 491, 503, 2010-Ohio-4952, 939 N.E.2d 206, ¶ 49 (7th Dist.).

**{¶49}** The defendants point out that tolling acts to discourage a landowner from filing suit (or delaying a suit) merely in order "run out the clock" on the lease. They assert that the filing of a lawsuit to cancel an oil and gas lease obviously prevents the lessees from drilling which warrants tolling of the lease term. Citing *Jicarilla*, 687 F.2d 1324; *HGN Fossil Fuels Co.*, 103 N.M. 793 (reversing trial court's refusal to toll after balancing the equities). They posit that the roots of tolling in Ohio can be traced to an obstruction doctrine set forth in *Hanna v. Shorts*, 163 Ohio St. 44, 125 N.E.2d 338 (1955) (lessee can ask that lease be extended beyond the end of its term if the acts of the lessor prevented or interfered with production).[3]

---

[3] *See also Ridge Oil Co., Inc. v. Guinn Investments, Inc.*, 47 Tex. Sup. Ct. J. 1080, 148 S.W.3d 143, 157 (2004) (doctrine of obstruction or repudiation relieves lessee of any obligation to conduct operations on the land in order to maintain the lease in force pending a judicial resolution of the controversy over the validity of the lease); *Kothman v. Boley*, 158 Tex. 56, 60, 308 S.W.2d 1 (1957) (Supreme Court tolled lease until eight months after its judgment where the lessees wrongful claimed leases terminated in an unequivocal letter sent eight months before the end of the primary term and held, "Lessors who thus wrongfully repudiate the lessees' title by unqualified notice that the leases are forfeited or have terminated cannot complain if the latter suspend operations under the contract pending a determination of the controversy and will not be allowed to profit by their own wrong."); *Teon Mgmt. LLC v. Turquoise Bay Corp.*, 357 S.W.3d 719, 730 (Tex.App.2011) (repudiation is a variation of

**{¶50}** As this court is reversing and remanding due to the summary judgment on the tender back issue, we conclude that the trial court's tolling order is essentially eliminated. The tolling issue was brought as a counterclaim and was set before the trial court for decision at the same time summary judgment was sought on the plaintiff's complaint. In ruling on tolling (after entering summary judgment for the defendants on the plaintiff's claims), the trial court recognized that many cases "go to some lengths in an attempt to balance the equities between the parties to the lease based upon considerations of prejudice and whether the prevailing party was the lessor or the lessee."

**{¶51}** The trial court concluded by noting that it had disposed of the plaintiff's claims. The court then expressly announced that its tolling decision was in accordance with the decisions "balancing the equities, which in part turned on whether the party initiating the litigation ultimately prevailed." The trial court thus partially based its tolling decision on the fact that plaintiff did not ultimately prevail. As our reversal on the tender back issue and remand of the case leaves no party as prevailing, the trial court's tolling decision no longer stands. The substantive arguments presented under this assignment of error are therefore moot.

**{¶52}** For the foregoing reasons, the judgment of the trial court is reversed, and the case is remanded for further proceedings.

Waite, J., concurs.
DeGenaro, P.J., concurs.

---

estoppel doctrine and exists when lessor asserts a clear, unequivocal challenge to lessee's right in the lease); *NRG Exploration, Inc. v. Rauch*, 671 S.W.2d 649, 652 (Tex.App.1984).