[Cite as *Breazeale v. Infrastructure & Dev. Eng., Inc.*, 2022-Ohio-4601.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| GRANT BREAZEALE, | : | APPEAL NO. C-220206 |
| | | TRIAL NO. A-2102849 |
| and | : | |
| DANA BREAZEALE, | : | |
| | | *O P I N I O N.* |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| INFRASTRUCTURE & | : | |
| DEVELOPMENT ENGINEERING, | | |
| INC., | : | |
| Defendant-Appellee. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: December 21, 2022

*Ulmer & Berne LLP*, *Jason P. Conte* and *Jason A. Snyder*, for Plaintiffs-Appellants,

*Reminger Co., L.P.A.*, and *B. Scott Jones*, for Defendant-Appellee.

**WINKLER, Judge.**

{¶1}   Plaintiffs Grant and Dana Breazeale purchased a new home built on a hillside, and a few years later, a landslide occurred.  The home builder had gone out of business, so the Breazeales sued defendant-appellee Infrastructure & Development Engineering, Inc., ("IDE") for negligence in performing a geotechnical investigation on the property for the home builder.  IDE moved for summary judgment, arguing that because the Breazeales lacked privity of contract with IDE, the economic-loss rule barred the Breazeales' claims.  The trial court granted summary judgment, and the Breazeales appealed.  For the reasons set forth below, we reverse the judgment of the trial court, and remand for further proceedings.

## Background

{¶2}   In 2015, IDE performed a geotechnical investigation in connection with a proposed home development.  IDE provided the home builder with an "Earthwork" certification for the property, which certified that a registered professional engineer oversaw all earthwork at the property, and that all earthworks were constructed in accordance with the approved plans and recommendations in IDE's geotechnical report.

{¶3}   The Breazeales purchased the property in March 2017, and shortly thereafter, the home builder who sold the property to the Breazeales went out of business.  The Breazeales used another contractor to install an inground pool, additional retaining walls, and other landscaping.  In March 2021, a landslide developed on the northwest side of the property, which required emergency stabilization of the home's foundation.  In addition to the damage to the foundation,

2

the landslide also damaged the interior of the home, the yard, the landscaping, utilities, the retaining walls, and the pool.

{¶4} The Breazeales filed a complaint against IDE for professional negligence and gross negligence, alleging that IDE had permitted the home builder to install defective fill soil on the property, which caused the landslide. IDE moved for summary judgment, arguing that the economic-loss rule barred the Breazeales' claims. In the alternative, IDE argued that the four-year statute of limitations in R.C. 2305.09 barred the Breazeales' claims. The trial court granted summary judgment in favor of IDE on the ground that the Breazeales' claims were barred by the economic-loss rule. The Breazeales appeal.

## The Economic-Loss Rule

{¶5} In their sole assignment of error, the Breazeales argue that the trial court erred in granting summary judgment in favor of IDE based on the economic-loss rule. The Breazeales argue that the economic-loss rule does not bar their claims, because they are seeking damages to tangible property, and not purely economic loss. The Breazeales argue that IDE's alleged negligence caused damage to the foundation of their home, landscaping, the utilities lines, trees, the retaining wall, the pool, and to the land itself.

{¶6} The economic-loss rule "prevents recovery in tort of damages for purely economic loss." *Corporex Dev. & Constr. Mgt. v. Shook, Inc.*, 106 Ohio St.3d 412, 2005-Ohio-5409, 835 N.E.2d 701, ¶ 6. The rationale behind the rule is that "[i]n the absence of privity of contract between two disputing parties the general rule is 'there is no * * * duty to exercise reasonable care to avoid intangible economic loss or losses to others that do not arise from tangible physical harm to persons and tangible things.'

3

" *Floor Craft Floor Covering v. Parma Community Gen. Hosp. Assn.*, 54 Ohio St.3d 1, 3, 560 N.E.2d 206 (1990), quoting Prosser & Keeton, *Law of Torts*, 657, Section 92 (5 Ed.1984).

{¶7} The issue in this case is whether the Breazeales suffered economic loss, and thus their negligence claims against IDE would be barred under the economic-loss rule, or whether they suffered property loss, to which the economic-loss rule would not apply. The Ohio Supreme Court explained that, in general, three types of damages exist: (1) personal injury, (2) property damage, and (3) economic loss, which includes direct and indirect economic damages. *Chemtrol Adhesives v. Am. Mfrs. Mut. Ins. Co.*, 42 Ohio St.3d 40, 43-44, 537 N.E.2d 624 (1989). Following *Chemtrol*, the Ohio Supreme Court considered whether an injured party suffered property damage or purely economic loss in *Queen City Terminals v. Gen. Am. Transp. Corp.*, 73 Ohio St.3d 609, 614-615, 653 N.E.2d 661 (1995).

{¶8} In *Queen City Terminals*, the plaintiff, QCT, contracted with British Petroleum ("BP") to receive, store, and distribute 100 million gallons of benzene per year at QCT's facility in Cincinnati. BP then contracted with another company, General American Transportation Corporation ("GATX") to lease a 60-car "TankTrain" to transport the benzene to QCT. GATX in turn contracted with Trinity Industries, Inc., ("Trinity") to manufacture the TankTrain.

{¶9} On the day of the first delivery of benzene to QCT, QCT discovered that benzene had leaked through the bottom of several of the TankTrain cars, and it was later determined that 40 gallons had contaminated the soil in the immediate vicinity of the QCT facilities and also contaminated the ground water. Trinity admitted to negligently designing and manufacturing the fittings and bottom washout openings

that caused the leaks. As a result, the city of Cincinnati revoked QCT's street permit to transport benzene via pipeline, effectively terminating the contract between QCT and BP.

{¶10} QCT and BP sued GATX and Trinity. After a jury returned a verdict in favor of QCT and BP, GATX settled, and Trinity appealed to the Ohio Supreme Court. Trinity argued that the indirect economic damages sustained by QCT and BP did not arise out of any personal injury or tangible property damage, and thus were unrecoverable under *Chemtrol*, 42 Ohio St.3d 40, 537 N.E.2d 624. The Ohio Supreme Court disagreed with Trinity and held that both BP and QCT had sustained some property damage—BP lost benzene, and QCT's property had been damaged by the benzene spill—and thus *Chemtrol* did not preclude recovery of indirect economic damages.

{¶11} Here, like in *Queen City Terminals*, the Breazeales are seeking damage to the real property itself resulting from IDE's alleged negligence. The Breazeales assert damage to the foundation of their home, landscaping, the utilities lines, trees, the retaining wall, the pool, and to the land itself. Therefore, the economic-loss rule does not apply.

{¶12} In urging this court to apply the economic-loss rule, IDE argues that we should apply the "integrated-system rule" to the Breazeales' claims. *See Motorists Mut. Ins. Co. v. Ironics, Inc.*, Slip Opinion No. 2022-Ohio-841, ¶ 30, citing *HDM Flugservice GmbH v. Parker Hannifin Corp.*, 332 F.3d 1025, 1031 (6th Cir.2003). IDE argues that the Breazeales' claimed physical damages to the home's foundation and to the northwest slope of the residence are not separate property, but "property components" in which IDE's services have been integrated.

5

**{¶13}** The integrated-system rule has no application in this case. The integrated-system rule applies in products-liability cases to prevent a purchaser of a product from circumventing the economic-loss rule by claiming that a defective component of a multicomponent product caused damage to the product itself. *See Motorists Mut. Ins. Co.* at ¶ 29-30. Under the integrated-system rule, "a multicomponent product is viewed as an integrated system, so if a defective component causes damage to the system, the other-property exception to the economic-loss doctrine is not triggered." *Id.* at ¶ 29. This case does not involve a consumer-purchased product, and, even if it did, the Breazeales claim damage to tangible property other than the hillside into which IDE's "product" was "integrated." Therefore, we reject IDE's assertion that the economic-loss rule applies. The trial court erred in granting summary judgment to IDE on the basis of the economic-loss rule.

## Statute of Limitations

**{¶14}** Even if the economic-loss rule does not bar the Breazeales' claims, IDE argues that this court should affirm the trial court's summary-judgment decision, because the four-year statute of limitations in R.C. 2305.09(D) bars the Breazeales' claims. The trial court never reached the statute-of-limitations issue in its decision because that issue was effectively rendered moot by its decision to grant summary judgment in favor of IDE based on the economic-loss rule. Nevertheless, IDE points out that this court can affirm the trial court on an alternative basis.

**{¶15}** The Ohio Supreme Court has "consistently held that a reviewing court should not reverse a correct judgment merely because it is based on erroneous reasons." *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-

3019, 994 N.E.2d 408, ¶ 51. In this case, however, the trial court did not address the statute-of-limitations issue, and only addressed whether the economic-loss rule applied. The trial court must at least consider the issue in the first instance before an appellate court considers alternative arguments. *See Yoskey v. Eric Petroleum*, 7th Dist. Columbiana No. 13CO42, 2014-Ohio-3790, ¶ 41 ("[I]f a party raises ten arguments in a summary judgment motion, the trial court adopts the first one, and the appellant assigns that position as error, the appellee cannot require this court to address the nine other arguments by arguing that the judgment can be affirmed on other grounds that the trial court never reached."); *Min You v. Northeast Ohio Med. Univ.*, 10th Dist. Franklin No. 19AP-733, 2020-Ohio-4661, ¶ 31 (declining to rule on appellee's alternative arguments in support of summary judgment, because the trial court did not address the remaining issues); *Meekins v. City of Oberlin*, 8th Dist. Cuyahoga No. 106060, 2018-Ohio-1308, ¶ 25 ("Appellate de novo summary judgment review does not mean that the trial court need not first rule on the issues presented in a party's motion for summary judgment.").

**{¶16}** We decline to reach the issue of whether the Breazeales' claims are barred by the statute of limitations in R.C. 2305.09(D), because that issue was never considered by the trial court.

## Conclusion

**{¶17}** The trial court erred in granting summary judgment in favor of IDE based on the economic-loss rule. We sustain the Breazeales' assignment of error, and we reverse the trial court's judgment, and remand this cause for further proceedings.

Judgment reversed and cause remanded.

**ZAYAS, P.J.,** and **CROUSE, J.,** concur.

Please note:

     The court has recorded its own entry on the date of the release of this opinion.